UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JERRY JOHNSON, | No. ED CV 15-306-VAP (PLA) |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE RE: DISMISSAL OF SUCCESSIVE PETITION** |
| DEPARTMENT OF CORRECTIONS, | |
| Respondent. | |

Jerry Johnson ("petitioner") initiated this action on February 20, 2015, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."). The Petition challenges his 1999 conviction in the Riverside County Superior Court in Case No. INF028556. (Pet. at 2). Specifically, petitioner was found guilty of one count of first degree robbery of an inhabited dwelling (Cal. Penal Code § 211/213(a)(1)(b)); two counts of first degree burglary of an inhabited dwelling (id. § 459); and one count of receiving stolen property (id. § 496). (Pet. Attachments).

The Court observes that on June 6, 2001, petitioner filed an earlier habeas petition in this Court, in case number ED CV 01-393-VAP (PLA) ("01-393"), in which he also challenged his 1999 conviction. The 2001 petition was dismissed on the merits with prejudice pursuant to the Judgment entered on March 30, 2005. Then, on January 26, 2007, petitioner filed another habeas

petition in this Court, in case number ED CV 07-108-VAP (PLA) ("07-108"), which also challenged his 1999 conviction. The 2007 petition was dismissed without prejudice as successive pursuant to the Judgment entered on January 17, 2008.

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his petition filed in Case No. 01-393, petitioner set forth the following claims: (1) the trial court erred in its denial of his motion to disclose the identity of an informant without a hearing; (2) the trial court erred by admitting Officer Harvey's opinion as to the honesty of Carol Naval; (3) the trial court erred by excluding evidence of Carol Naval's addiction to drugs; (4) the trial court erred in giving a modified version of CALJIC 2.15 that did not require both the conscious and unexplained possession of stolen property; (5) the trial court erred in failing to instruct the jury on the theory of vicarious liability as a conspirator or as an aider and abetter; (6) the trial court erred in permitting the jury to consider the invalid theory that petitioner stole and received the same property; (7) the trial court erred in permitting the jury to consider the invalid theory that the robbery count included property that was in the joint possession of both Nanniek Gutshall and

George Thomas; and (8) the trial court erred in denying petitioner's motion to strike a prior felony conviction pursuant to People v. Romero, 13 Cal. 4th 497 (1996).[1] (Case No. 01-393, Dkt. No. 1). The Magistrate Judge considered and rejected the claims on the merits, and recommended that the first amended petition be dismissed. (Id., Dkt. No. 61). On March 30, 2005, the District Court subsequently dismissed that petition with prejudice. (Id., Dkt. Nos. 65. 66).

In his petition filed in Case No. 07-108, petitioner set forth the same eight claims and added three new ones: (1) petitioner's case must be remanded for resentencing pursuant to the California Supreme Court case of People v. Deloza, 18 Cal. 4th 585 (1998); (2) California's Three Strikes law violates the proscription against cruel and unusual punishment; and (3) petitioner was denied effective assistance of counsel. (See Case No. 07-108, Dkt. Nos. 1, 15). On January 17, 2008, the District Court dismissed the petition without prejudice as successive. (Id., Dkt. Nos. 21, 22).

In the instant Petition, citing the California Court of Appeal case of People v. Vargas, 206 Cal. App. 4th 971 (Cal. App. 2 Dist. 2012), petitioner challenges the same conviction that he challenged in his 2001 and 2007 federal habeas petitions, again contending that the trial court abused its discretion when it denied his Romero motion and refused to strike a prior conviction.[2] (Pet. at 5, Attachments).

Because the 2001 petition was denied on the merits, the instant Petition is considered to be a successive application. Even if petitioner's claims in the instant Petition satisfied the AEDPA

---

[1] Pursuant to the Court's Order filed July 2, 2002, and petitioner's subsequent request, Grounds Two, Three, Six, Seven, and Eight were deleted from the 2001 petition as unexhausted. (See Case No. 01-393, Dkt. Nos. 39, 41). Thereafter, on August 27, 2002, the Court, having sua sponte reconsidered its finding that Ground Seven was unexhausted, issued a Minute Order amending its earlier Order and restored Ground Seven to the first amended habeas petition. (Id., Dkt. No. 42).

[2] Petitioner contends that Vargas stands for the proposition that the trial court in petitioner's case was required to dismiss a strike prior because his convictions for robbery and receiving stolen property were treated "as though those acts were committed at separate times, when in fact they [derived] from a single act." (Pet. Attachments). In fact, the Vargas court held that "whether a single act yielded multiple convictions is just one more factor, albeit an important one, for a trial court's Romero analysis." Vargas, 206 Cal. App. 4th at 248. Thus, striking such a prior is discretionary, not mandatory.

standards for filing a successive petition, or even if he were seeking to present *new* claims in the Petition -- which he is not -- he nevertheless is required to seek authorization from the Ninth Circuit before filing a successive petition.  28 U.S.C. § 2244(b)(3)(A).   Here, there is no indication that petitioner has obtained such permission from the Ninth Circuit.  See Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition).  It therefore appears that the Court is without jurisdiction to entertain the current Petition under 28 U.S.C. § 2244(b).  See id.; Cooper, 274 F.3d at 1274 ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and internal quotation marks omitted).

Accordingly, petitioner is **ordered to show cause** why the Petition should not be summarily dismissed as successive.  Specifically, **no later than March 16, 2015,** petitioner must submit to the Court documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he properly filed a motion in the Ninth Circuit for an order authorizing the district court to consider a successive petition, and that the Ninth Circuit issued such an order.  **Failure to respond by March 16, 2015, will result in the instant Petition being summarily dismissed without prejudice**.[3]  See Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1029-30 (C.D. Cal. 2003) (dismissing successive petition without prejudice to petitioner's right to seek authorization from the Ninth Circuit).

DATED: February 23, 2015

*Paul L. Abrams*

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[3]   In the event that petitioner has not complied with 28 U.S.C. § 2244(b)(3)(A), and he does not provide documentation showing that he is not required to first receive Ninth Circuit authorization before filing a successive petition, he is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit.  Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.