UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JERRY JOHNSON,<br><br>    Petitioner,<br><br>    v.<br><br>DEPARTMENT OF CORRECTIONS,<br><br>    Respondent. | No. ED CV 15-306-VAP (PLA)<br><br>**ORDER RE VOLUNTARY DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)** |

**I.**

**BACKGROUND**

On February 20, 2015, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."). The Petition challenges petitioner's 1999 conviction in the Riverside County Superior Court in case number INF028556. (Pet. at 2).

On February 23, 2015, the Magistrate Judge issued an order requiring petitioner to show cause, on or before March 16, 2015, why the Petition should not be dismissed as successive to his earlier petition in case number ED CV 01-393-VAP (PLA), which was dismissed on the merits on March 30, 2005. (Dkt. No. 2). On March 9, 2015, petitioner filed a "Request for Dismissal of Petition" ("Request"). (Dkt. No. 4).

## II.

## **DISCUSSION**

In the Request, petitioner requests the Court to dismiss his Petition without prejudice "until such time that he is able to rectify the problem at hand." (Request at 1). The Court construes this document as a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) ("Rule 41"). Rule 41 allows for the voluntary dismissal of an action by a plaintiff (or petitioner)[1] without prejudice and without a court order before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1); Hamilton v. Shearson-Lehman Am. Express, Inc., 813 F.2d 1532, 1534 (9th Cir. 1987). Respondent has not filed either an answer or a motion for summary judgment.

Accordingly, the Court finds that dismissal of the Petition is warranted.

/
/
/
/
/
/
/
/
/

---

[1] Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." See also Hilton v. Braunskill, 481 U.S. 770, 776 & n.5 (1987) (Federal Rules of Civil Procedure may be applied to habeas petitions so long as they are not inconsistent with the Rules Governing Section 2254 Cases). The Rules Governing Section 2254 Cases do not contain a specific provision addressing voluntary dismissals. See Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993) (applying Rule 41 to a petitioner's request for voluntary dismissal of his habeas petition); Williams v. Clarke, 82 F.3d 270, 273 (8th Cir. 1996) ("a Rule 41(a)(1) voluntary dismissal is both appropriate and consistent with the rules governing habeas cases"); Woods v. Knowles, 2003 WL 21767470, at *1 (N.D. Cal. 2003). Thus, Rule 41, which otherwise governs such dismissals, is applicable to this habeas action.

## III.

## ORDER

As petitioner may dismiss the action even without a court order since no answer has been served, the Court hereby dismisses the Petition without prejudice to petitioner filing a new action **if and when he obtains permission to file a successive petition.**[2]

DATED:  _March 20, 2015_____

_____
HONORABLE VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit Court of Appeals. Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.

If petitioner obtains permission from the Ninth Circuit Court of Appeals to file a successive petition, he should file a new petition for writ of habeas corpus. He should not file an amended petition in this action or use the case number from this action because the instant action is being closed today. If petitioner files a new petition, the Court will give that petition a new case number.